## OPINION OF THE JUSTICES TO THE SENATE.

Sections of a bill entitled "An Act to carry into effect, so far as the Commonwealth of Massachusetts is concerned, the Eighteenth Amendment to the Constitution of the United States," by which it was sought to make the substantive law of the Commonwealth in certain particulars therein set out change automatically so as to conform to new enactments from time to time made by Congress and new regulations issued by subsidiary executive or administrative officers of the United States pursuant to their authority, would be contrary to the Constitution of the Commonwealth.

There is no objection in a constitutional sense to enactment by the General Court

of a law embodying in the same language any test, standard, definitión or rule previously prescribed by federal law or adopted under its authority; but no statute would be valid whereby it should be attempted to make operative as a statute of this commonwealth such a test, standard, definition or rule to be enacted or adopted in the future.

The Senate, relative to a bill of over forty-six printed pages, entitled "An Act to carry into effect, so far as the Commonwealth of Massachusetts is concerned, the Eighteenth Amendment to the Constitution of the United States," adopted an order requesting the opinion of the Justices of the Supreme Judicial Court upon the questions (1) "Is any provision of the bill unconstitutional as delegating the legislative power of the Commonwealth to the Federal Congress or to any other branch of the Federal government?" (3) "If enacted into law, would said bill be in any respect unconstitutional?" This court, having pointed out certain sections of the proposed legislation which would be unconstitutional for the reason stated in the first question, asked to be excused from answering the third question further, it not propounding to them any particular question of law.

THE following order was passed by the Senate on May 25, 1921, and was transmitted to the Justices of the Supreme Judicial Court on May 27, 1921. The annual session of the General Court of 1921 adjourned on May 28.

WHEREAS, There is pending before the General Court a bill printed as House, No. 1612, as amended, entitled "An Act to carry into effect, so far as the Commonwealth of Massachusetts is concerned, the Eighteenth Amendment to the Constitution of the United States," a copy of which is herewith submitted, and

WHEREAS, Doubt exists as to the constitutionality of the said bill if enacted into law; therefore be it

ORDERED, That the Senate require the opinions of the Justices of the Supreme Judicial Court on the following important questions of law: —

1. Is any provision of the bill unconstitutional as delegating the legislative power of the Commonwealth to the Federal Congress or to any other branch of the Federal government?

2. As to matters placed by the Federal Constitution within the concurrent legislative jurisdiction of both the Federal government and the states, may a state legislature adopt or incorporate by reference in its own legislation any test, standard, definition or rule prescribed by Federal law or adopted under its authority?

3. If enacted into law, would said bill be in any respect unconstitutional?

Sections 1 (b), 3, 6, 34 and 37 of House, No. 1612, referred to in the foregoing order, were as follows:

SECTION 1.(b) Notwithstanding the provisions of this section the word "liquor" of the phrase "intoxicating liquor," for the purpose of this chapter shall have the meaning defined from time to time by the congress of the United States for the purpose of enforcing the provisions of the eighteenth amendment to the constitution of the United States.

SECTION 3. No person shall manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this chapter.

Liquor for non-beverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished and possessed, but only as provided by the laws of the United States and the regulations made thereunder. Nothing in this chapter, however, shall prohibit the purchase and sale of warehouse receipts covering distilled spirits on deposit in United States bonded warehouses.

SECTION 6. It shall be unlawful for any physician to prescribe, or for any druggist to fill any prescription for liquor, except as provided by the laws of the United States and the regulations made thereunder.

SECTION 34. Any person who manufactures or sells liquors in violation of this chapter shall for a first offense be fined not more than one thousand dollars, or imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than two hundred dollars nor more than two thousand dollars and be imprisoned not less than one month nor more than five years.

Any person who violates the provisions of any permit, required by the laws of the United States and the regulations made thereunder, or who makes any false record, report or affidavit, required by this chapter, or who violates any of the provisions of this chapter for which offense a special penalty is not prescribed, shall be fined for a first offense not more than five hundred dollars; for a second offense not less than one hundred dollars nor more than one thousand dollars, or be imprisoned not more than ninety days; for any subsequent offense he shall be fined not less than

five hundred dollars and be imprisoned not less than three months nor more than two years. The prosecuting officer shall ascertain whether the defendant has been previously convicted and plead the prior conviction in the complaint, information, proceeding or indictment. The penalties provided in this chapter against the manufacture of liquor without a permit required as aforesaid shall not apply to a person manufacturing non-intoxicating cider and fruit juices, or beverages containing less than one half of one per centum of alcohol by volume, exclusively for use in his home, but such cider and fruit juices shall not be sold or delivered except to persons having permits required by the laws of the United States and the regulations made thereunder to manufacture vinegar.

SECTION 36. In any affidavit, information, proceeding or indictment for the violation of this chapter, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed. It shall not be necessary in any complaint, information, proceeding or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful. But this provision shall not be construed to preclude the trial court from directing that the defendant shall be furnished with a bill of particulars when it deems it proper to do so.

On November 22, 1921, the Justices filed their answer with the Clerk of the Senate, and it was read to the Senate on January 4, 1922. The answer was as follows:

To the Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions propounded in the order of May 25, 1921, copy whereof is hereto annexed.

1. The purpose of House Bill No. 1612, to which the questions refer, is set forth in its title in these words: "An Act to carry into effect, so far as the Commonwealth of Massachusetts is concerned, the Eighteenth Amendment to the Constitution of the United States." One distinguishing characteristic of that

bill is that in several sections it incorporates by reference laws made and to be made by the Congress of the United States and regulations made and to be made thereunder for the purpose of establishing offences to be punished by fine, or imprisonment, or both, by prosecutions to be instituted in the courts of this Commonwealth. See §§ 1(b), 3, 6, 34, 37 of the proposed chapter 138. It is attempted by these sections and possibly by other sections to make the substantive law of the Commonwealth in these particulars change automatically so as to conform to new enactments from time to time made by Congress and new regulations issued pursuant to their authority by subsidiary executive or administrative officers of the United States. It purports to create offences and impose punishments therefor, not by definition and declaration, but by reference to what may hereafter be done in these particulars by the Congress of the United States and those by it authorized to establish regulations.

We are of opinion that legislation of that nature would be contrary to the Constitution of this Commonwealth. Legislative power is vested exclusively in the General Court except so far as modified by the initiative and referendum amendment. It is a power which cannot be surrendered or delegated or performed by any other agency. The enactment of laws is one of the high prerogatives of a sovereign power. It would be destructive of fundamental conceptions of government through republican institutions for the representatives of the people to abdicate their exclusive privilege and obligation to enact laws. *Boston* v. *Chelsea,* 212 Mass. 127. *Opinion of the Justices,* 160 Mass. 586. *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149.

This firm general principle is not affected by the fact that by the Eighteenth Amendment to the Federal Constitution "Concurrent power" to enforce national prohibition "by appropriate legislation" is vested in the Congress and in the several States. The words "concurrent power" do not imply a surrender by either to the other of the power to legislate. The amendment establishes and recognizes the existence of the function of making laws for its enforcement both in the Congress and in the several States. It is a making of laws in the ordinary sense which thus is established and recognized. It does not create any hitherto unknown kind of legislative faculty to be exercised either by the

Congress or by the several States. That amendment bounded a common field within which concurrently each law-making power might be put forth toward the common end of enforcing national prohibition. It goes no further. Its words are that the States as well as the Congress may "enforce this article by appropriate legislation." These words have the signification derived from the constitutional history of the country and are well understood. Legislation means the enactment of laws in that thoroughly settled sense.

The proposed act with relation to its subject matter comprehends a description of acts declared to constitute crimes, a statement of the penalties to be imposed for the commission of such crimes, means for enforcing the act not included within other general provisions of law, rules of evidence to be observed in the trial of cases arising under the act and other ancillary and subsidiary provisions. The words "appropriate legislation," as used in the amendment, do not override settled principles of constitutional law concerning the enactment of statutes. They afford no foundation for any kind of legislative action by the States, except such as heretofore has been understood and practised. *Commonwealth* v. *Nickerson*, 236 Mass. 281.

There are no exceptions to the principle that the General Court cannot delegate, surrender or transfer to any other power the function of enacting statutes general in their scope and operation. There are numerous instances where power to establish local ordinances, *Commonwealth* v. *Slocum*, 230 Mass. 180, 190, or administrative regulations, *Brown* v. *Boston & Maine Railroad*, 233 Mass. 502, 510, may be vested by statute in a subsidiary governmental division or in a board or commission. Local option, reciprocal legislation and statutes founded upon local conditions within proper limits are permissible. *Graham* v. *Roberts*, 200 Mass. 152. *Bliss* v. *Bliss*, 221 Mass. 201. *Clark Distilling Co.* v. *Western Maryland Railway*, 242 U. S. 311. But these and other similar examples of legislation differ in kind from that here proposed. No discussion is required to demonstrate that the Congress of the United States cannot be treated as a subsidiary board or commission by the General Court. The subject matter of the proposed statute is State wide and not local in operation.

By several sections of the proposed statute compliance with

certain provisions of an act of Congress or valid regulations made pursuant to its authority is made a condition to the performance of conduct permitted by the proposed bill. Such conditions, even though the act of Congress may be changed, involve no modification of the law of Massachusetts. That stands as enacted. In this class fall §§ 11, 17, 19 and 23 of the proposed bill, which do not contravene any constitutional guaranty.

We advise that § 1(*b*) and §§ 3, 4, 5, 6, 34 and 37 of the proposed chapter 138 or parts thereof violate the principle which we have stated and if enacted would be unconstitutional. The first question is answered in the affirmative.

2. There is no objection in a constitutional sense to enactment by the General Court of a law embodying in the same words any test, standard, definition or rule prescribed by federal law or adopted under its authority. As already has been stated, no statute would be valid whereby it should be attempted to make operative as a statute of this Commonwealth such test, standard, definition or rule to be enacted or adopted in the future. This is as far as we feel justified in making answer to the second question without a fuller statement of facts to which it is directed.

3. The third inquiry, although in form a question, presents no specific or definite point. It asks us to examine a long and complicated bill proposed under a recent amendment to the Federal Constitution in order to ascertain whether we can discover questions to be raised as to the validity of every clause and, if any are found, then to discuss and express an opinion in advance upon every such question. The practice always has been for the Justices to confine their answers to the particular questions of law submitted to them. *Opinion of the Justices,* 145 Mass. 587, 592. See *Opinion of the Justices,* 217 Mass. 607. There is nothing at variance with this view in *Opinion of the Justices,* 211 Mass. 620, where, expressly reserving the propriety of making answer on another ground, an opinion was expressed as to the constitutionality of a very short bill. Therefore we feel constrained to ask to be excused from answering the third question further than to say that for the reasons already stated the bill if enacted into law would be unconstitutional.

The order requesting this opinion was received after the adjournment of the Honorable Senate. It therefore was not given

precedence over other pressing work of the court.    This opinion is returned before the reconvening of the Honorable Senate.

By reason of illness Mr. Justice Pierce has not participated in this opinion.

<div align="right">

ARTHUR P. RUGG.
HENRY K. BRALEY.
CHARLES A. DE COURCY.
JOHN C. CROSBY.
JAMES B. CARROLL.
CHARLES F. JENNEY.