The Justices of this court requested to be excused from answering questions propounded to them by the Senate, without specification of particular questions respecting constitutionality, whether a proposed bill, if enacted, would be constitutional, and, if not, in what respects it would be unconstitutional.

On February 24, 1938, the Senate adopted the following order:

WHEREAS, The Hingham Water Company was incorporated and granted a franchise to supply water in the town of Hingham by chapter one hundred and thirty-nine of the acts of eighteen hundred and seventy-nine, and was granted additional powers and its franchise extended by chapter fifty-nine of the acts of eighteen hundred and eighty-one, chapter eighty-eight of the acts of eighteen hundred and eighty-six and chapter one hundred and sixty-eight of the acts of nineteen hundred and twenty-four; and

WHEREAS, At the time of granting the original franchise, section forty-one of chapter sixty-eight of the General Statutes provided that "Every act of incorporation passed after the eleventh day of March in the year one thousand eight hundred and thirty-one, shall be subject to amendment, alteration, or repeal, at the pleasure of the legislature . . .", which provision in substance has been carried along in successive general revisions of the statutes as Public Statutes chapter one hundred and five, sections two and three, Revised Laws chapter one hundred and nine, section three and General Laws chapter one hundred and fifty-five, section three, and since

November fifth, nineteen hundred and eighteen has also appeared in Article LIX of the Amendments to the Constitution of the Commonwealth; and

WHEREAS, In sections eleven and thirteen of chapter one hundred and thirty-nine of the acts of eighteen hundred and seventy-nine, the town of Hingham was granted the right to purchase the corporate property, rights, privileges and franchises of said corporation by provisions which leave uncertain and undetermined sundry matters, including the method of ascertaining the price to be paid for the purchase aforesaid; and

WHEREAS, There is pending before the General Court a bill, printed as Senate, No. 406, amending the charter of said corporation by clarifying and making more definite certain of its provisions, and in certain other respects, a copy of which is herewith submitted; and

WHEREAS, Grave doubt exists as to the constitutionality of said bill, if enacted into law; accordingly, be it

ORDERED, That the Senate require the opinions of the Honorable the Justices of the Supreme Judicial Court on the following important questions of law:

1. Would the provisions of said bill, if enacted into law, be constitutional?

2. If the answer to Question 1 is in the negative, in what respects would the provisions of said bill, if enacted into law, be unconstitutional?

On February 25, 1938, the order was transmitted to the Justices, who, on March 8, 1938, returned the following answer:

To The Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court have considered the questions upon which their opinion is required by the order of February 24, 1938, a copy of which is hereto annexed.

The Hingham Water Company was incorporated by St. 1879, c. 139. That charter has been amended several

times. The proposed bill confers upon the town of Hingham, if authorized by a specified proportion of voters voting at a town meeting, the right to purchase all the corporate property, rights, privileges and franchises of that company on payment of a sum to be ascertained by a somewhat complicated method of calculation. The statement of facts contained in the order is meager. No specified question of law is proposed for answer. The bald inquiry is whether the proposed bill, if enacted, would be constitutional; and, if that inquiry is answered in the negative, the further inquiry is, in what respects it would be unconstitutional. The principles of the Constitution which the proposed bill may be thought to offend are not indicated in any way.

The attention of The Honorable Senate is respectfully drawn to the settled practice of the Justices with respect to questions propounded under c. 3, art. 2, of the Constitution of this Commonwealth. It was said in *Opinion of the Justices*, 145 Mass. 587, at page 592, touching an inquiry, general in form and designating no particular point of law upon which an opinion was desired: "We have doubts whether, within the fair intent of the Constitution, the executive or legislative departments can submit to the Justices a law, or a series of laws or rules more or less complicated, and ask them to examine and ascertain what questions can be raised as to the validity of every clause, and to express an opinion in advance upon every such question." In *Opinion of the Justices*, 239 Mass. 606, at page 612, it was said: "The third inquiry, although in form a question, presents no specific or definite point. It asks us to examine a long and complicated bill proposed under a recent amendment to the Federal Constitution in order to ascertain whether we can discover questions to be raised as to the validity of every clause and, if any are found, then to discuss and express an opinion in advance upon every such question. The practice always has been for the Justices to confine their answers to the particular questions of law submitted to them." *Opinion of the Justices*, 261 Mass. 523, 554; 261 Mass. 556, 613; 275 Mass. 580, 582; 297 Mass. 559, 566–567. There is nothing on

the face of the present order to disclose the "Grave doubt" which according to the statement in that order exists as to the constitutionality of the proposed bill if enacted into law.

This practice of the Justices is founded on practical wisdom as well as on the express terms of c. 3, art. 2, of the Constitution. The words of that section are clear to the effect that "opinions of the justices" may be required "upon important questions of law." Those words mean that the important questions of law must be explicitly stated: they cannot be left to equivocal implications. An opinion upon a question of constitutional law cannot be so framed as to be helpful to legislators without a definite statement of the point of difficulty which has been developed through hearings and discussion.

In these circumstances, we feel constrained to ask to be excused from attempting to make further answer to the order.

ARTHUR P. RUGG.
FRED T. FIELD.
CHARLES H. DONAHUE.
HENRY T. LUMMUS.
STANLEY E. QUA.
ARTHUR W. DOLAN.
LOUIS S. COX.