OPINION OF THE JUSTICES TO THE SENATE.

*Municipal Corporations,* Town council form of government, Petition for
   special act, "Home rule." *Constitutional Law,* "Home Rule Amend-
   ment." *Words,* "City," "Town."

A pending legislative bill providing that, in a town with a town council
   form of government and a town administrator or town manager as
   head administrative official, petitions for legislation relating to that
   town must be filed or approved by the administrator or manager as
   well as by the council would, if enacted, be inconsistent with, and
   invalid under, art. 89, § 8, of the Amendments to the Massachusetts
   Constitution. [655-660]

On May 2, 1974, the Justices submitted the following
answers to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of
Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit this reply to the question set forth in an order
adopted by the Senate on February 28, 1974, and trans-
mitted to us on March 6, 1974. The order recites (1) that
there is pending before the Senate a bill entitled, "An Act
relative to the filing of petitions for legislation by towns
with a town council form of government" (House No. 845),
a copy of which is transmitted with the order; (2) that the
bill would require petitions for legislation from towns with a
town council form of government to be "approved by the
town council and . . . town administrator"; (3) that the
town administrator of at least one municipality with a town
council form of government is appointed by the legislative
body and serves at its pleasure as the administrative officer
of the town; and (4) that grave doubt exists as to the
constitutionality of the bill if enacted into law.

The bill would add to G. L. c. 43B a new § 20, which, as amended by the House, would provide: "In any town which adopts a town council form of government, with a town administrator or town manager as head administrative official, petitions for legislation relating to said town may be considered under the provisions of section 8 of Article LXXXIX of the Amendments to the Constitution if such petition is the petition of or approved by the town council and said town administrator or town manager."

The question is:

"Would the enactment of said bill which requires the approval of legislative petitions by the town administrator, as well as the town council, be constitutional in view of the provisions of section 8 of Article LXXXIX of the Amendments to the Constitution of the commonwealth which require that petitions for special laws be 'approved by the voters of a city or town, or the mayor and city council, or other legislative body of a city or the town meeting of a town with respect to a law relating to that city or town?'"

We invited briefs from interested persons to be filed by April 12. In response, briefs or other memoranda were filed by the following: the Attorney General, the town of Methuen, and attorneys associated with two Boston law firms expressing an interest in municipal bond matters.

The question refers to, and our reply depends on the proper construction of, art. 2 of the Amendments to the Constitution of the Commonwealth, as supplanted by art. 89 of the Amendments (sometimes known as the Home Rule Amendment and hereafter referred to as art. 89). Article 89, § 8, confers on the General Court "the power to act in relation to cities and towns" by special laws enacted "on petition filed or approved by the voters of a city or town, or the mayor and city council, or other legislative body, of a city, or the town meeting of a town, with respect to a law relating to that city or town."

From the briefs submitted it appears that three munici-
palities in Massachusetts would be affected by House No.
845: Methuen, Agawam, and Southbridge. Each has a
population of more than 12,000 inhabitants, and thus is
permitted by art. 89, §§ 2 and 8, to adopt either a city
charter or a charter providing for a representative town
meeting. Each has adopted a charter under the Home Rule
Procedures Act, G. L. c. 43B, inserted by St. 1966, c. 734,
§ 1. See *Tiberio* v. *Methuen,* 364 Mass. 578 (1974). Copies
of those charters have been made available to us. Compare
art. 89, § 5. Each charter designates the municipality as a
"Town." Under each the voters elect a town council, in
which are vested the legislative powers of the town. The
members of the council elect from their number a president
and vice-president or chairman and vice-chairman, and
the council appoints a full time town administrator or town
manager, who may be removed, according to certain
procedures, by the council. The town administrator or town
manager is responsible for the administration of town
affairs and has power, subject to exceptions, to appoint and
remove town officers and employees. He must, unless
excused, attend council meetings, where he has the right to
speak but not to vote.

The words "city" and "town" are not defined in the
Constitution. "If possible, the amendment must be con-
strued so as to accomplish a reasonable result and to
achieve its dominating purpose. Its words should be inter-
preted in the sense most obvious to the common in-
telligence, because a matter proposed for public adoption
must be understood by all entitled to vote." *Lincoln* v.
*Secretary of the Commonwealth,* 326 Mass. 313, 317 (1950),
and cases cited. *Opinion of the Justices,* 362 Mass. 895, 903
(1972). "Article 89 effected substantial changes in the
legislative powers of the General Court and the cities and
towns." *Opinion of the Justices,* 356 Mass. 775, 787 (1969).
The purpose of § 8 is to define the circumstances in which,
and the procedure by which, the General Court has the
power "to act in relation to cities and towns." That part of

the section which concerns us here prescribes one of the procedures required for the enactment of special laws so relating. The individuals and groups who must file or approve petitions for such laws are associated with city and town government as traditionally described. See *Hill* v. *Boston*, 122 Mass. 344, 354-357 (1877); *Larcom* v. *Olin*, 160 Mass. 102, 104-108 (1893); *Opinion of the Justices*, 229 Mass. 601, 607-610 (1918). We have identified the words "city" and "town" with distinct forms of government, recognizing that, apart from such forms of government, "every town is to all substantial purposes a city." *Hill* v. *Boston, supra*, at 355. See *Larcom* v. *Olin, supra*, at 107-108; *Opinion of the Justices, supra*, at 607. We have not felt bound by the description of a municipal organization as a "city" or "town" where that description did not accurately reflect a form of government. "It is the substance of the thing done, and not the name given to it, which controls." *Opinion of the Justices, supra*, at 610. Compare art. 70 of the Amendments to the Constitution of the Commonwealth, replaced by art. 89, §§ 2 and 8. We think that the same principle applies in the interpretation of § 8.

We believe that it was the intent of the framers of § 8 that a petition for a special act be filed or approved either by the voters or by the responsible legislative body of the municipality. But § 8 is not the section defining the permissible types of charter, and we think its operation depends, not on the choice of the word "city" or "town," but on the form of government in fact adopted by a municipality, whatever it may call itself. Compare art. 89, §§ 2, 3; G. L. c. 43B, § 1. Accordingly, we need not decide whether a "town council" such as is referred to in House No. 845 is a representative "town meeting," whether a town of the sort referred to in the bill is a "town" at all, or whether the "town council" is the "legislative body" of a "city," for the purposes of § 8. Rather, mindful that the words "city" and "town" are not dispositive, and looking to the form of government adopted, we must determine whether the procedure required by House No. 845 comports in its essential characteristics with that contemplated by the framers of § 8.

Until 1821, the town meeting was the only "legislative body" of a municipality. See *Hill* v. *Boston*, 122 Mass. 344, 354-357 (1877). Since that time, various other forms of municipal government have become available. See art. 89, §§ 2 and 8; G. L. c. 43, §§ 46-127; G. L. c. 43A. Over the years a large number of cities and towns have abandoned the model of direct voter participation in legislative decisions which affect a municipality. See *Hill* v. *Boston*, 122 Mass. 344, 355-356 (1877); *Opinion of the Justices*, 347 Mass. 792, 795 (1964); Tilden, Town Government, 38 B. U. L. Rev. 347, 356-357 (1958). Section 8 was framed by individuals who were doubtless aware of that history. The provision for filing or approval of petitions by "the mayor and city council, or other legislative body, of a city, or the town meeting of a town," identifies the legislative body which may act instead of the voters.

One requirement established by § 8, and the only one we need discuss for present purposes, is action by a legislative body, whatever the form of government. Municipal legislative bodies often elect or appoint various municipal officers. But unless officers so selected are members of the legislative body, § 8 does not contemplate their participation in the filing or approval of petitions. Officers not popularly elected are rarely given independent legislative powers, and G. L. c. 43B, § 10, defines "mayor" as "an officer elected by the voters as the chief executive officer of a city or an officer lawfully acting as such." In none of the three municipalities affected by House No. 845 is the town administrator or town manager elected by the voters, made a voting member of the "town council," or given a power of legislative veto. He is not a "mayor" under the definition quoted, and we do not think he is a "mayor" under § 8, even if the town is treated as a "city" for the purposes of § 8.[1]

Moreover, § 8 evinces no intention to prescribe different legislative procedures for a petition for a special act from

---

[1] *Young* v. *Mayor of Brockton*, 346 Mass. 123, 127 (1963), treating a city manager as a "mayor" under G. L. c. 138, § 4, dealt with the executive function of appointment rather than a legislative function.

the procedures otherwise followed by the legislative body. To give a town administrator or town manager a veto power over such petitions when he has no such power in any other legislative context might be confusing and disruptive. Consequently, the requirement of House No. 845 that a petition be filed or approved by the town administrator or town manager as well as by the town council is inconsistent with art. 89, § 8.

We answer the question, "No."

<div align="right">

G. JOSEPH TAURO
PAUL C. REARDON
FRANCIS J. QUIRICO
ROBERT BRAUCHER
EDWARD F. HENNESSEY
BENJAMIN KAPLAN
HERBERT P. WILKINS