OPINION OF THE JUSTICES TO THE HOUSE OF
REPRESENTATIVES.

*Municipal Finance. Industrial Development Bonds. Words,* "Industry."

Pending legislation to add nonmanufacturing enterprises to manufacturing enterprises presently able to secure financing through the issuance of bonds by municipalities acting by and through Industrial Development Financing Authorities under G. L. c. 40D, would not, if enacted, violate art. 88 of the Amendments to the Massachusetts Constitution. [874-877]

On August 24, 1977, the Justices submitted the following answer to a question propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit their answer to the question set forth in an order adopted by the House on June 13, 1977, and transmitted to us on June 21, 1977. The order recites the pendency before the General Court of a bill, House No. 6207 entitled, "An Act relative to the use of industrial revenue bonds for commercial expansion." The bill amends G. L. c. 40D, § 1, to include nonmanufacturing enterprises among those entities which c. 40D, § 1 (*k*), identifies as "[i]ndustrial enterprise[s]."[1]

The question is:

"Would it be violative of Article LXXXVIII of the Amendments to the Constitution to provide for the financing of nonmanufacturing enterprises under the provisions of Chapter 40D of the General Laws (Industrial Development Financing Authority) from the proceeds

[1] We invited briefs from interested persons to be filed by July 15. In response, briefs were received from attorneys associated with two Boston law firms with specialists in municipal bond matters.

of bonds issued as a pledge of the faith and credit of the issuing municipality?"

The citizens of Massachusetts by their approval in 1966 of art. 88 of the Amendments to the Constitution of the Commonwealth authorized the General Court to provide for the industrial development of the Commonwealth's cities and towns. Article 88 as approved declares that "[t]he industrial development of cities and towns is a public function and the commonwealth and the cities and towns therein may provide for the same in such manner as the general court may determine."

Relying on this public expression of the importance of industrial development to the Commonwealth and its municipalities, the Legislature enacted G. L. c. 40D. In designing a framework to give practical effect to art. 88, the Legislature authorized cities and towns to make capital financing available to industrial enterprises at reduced interest rates. Chapter 40D, § 2, directs that an Industrial Development Financing Authority (Financing Authority) be established in municipalities where the city council or a town meeting determines that the Financing Authority is needed to combat current unemployment or the threat of unemployment. The Financing Authority may be used also to secure the community against future unemployment or lack of business opportunity by attracting new industry to the community or by substantially expanding existing industry. A municipality acting by and through its Financing Authority may secure financial support for industrial development projects through the issuance of bonds. G. L. c. 40D, §§ 7, 9.[2] The capital obtained from the bond issue, in addition to any funds received from other sources, may be used by the municipality through the Financing Authority to acquire or construct industrial development facilities. G. L. c. 40D, § 7. Once constructed

---

[2] The bonds issued under c. 40D and income derived therefrom are exempt from Massachusetts taxation, G. L. c. 40D, § 20, and interest income from the bonds is not subject to Federal income taxation. I.R.C. § 103, as amended (1976).

or rehabilitated, the facilities may be then leased by the Financing Authority to an occupant engaged in an industrial enterprise. G. L. c. 40D, § 8.

Originally, the Legislature, in formulating a plan to stimulate industrial development in Massachusetts, limited the potential recipients of public financial support to manufacturing enterprises. G. L. c. 40D, § 1 (*k*), (*l*), as appearing in St. 1970, c. 326. Since a substantial portion of the Massachusetts economy is presently generated by businesses which are not primarily connected with a manufacturing process,[3] the Legislature is considering whether to broaden the eligibility of business entities which qualify for c. 40D financial assistance. We are asked to decide whether art. 88 limits the benefits of any legislative formula to manufacturing enterprises. The language of the amendment does not indicate that the scope of the words "industrial development" was limited to manufacturing enterprises. We therefore conclude that there is no such limitation.

Although the term "industrial development" is not defined in our Constitution, "[i]f possible, the amendment must be construed so as to accomplish a reasonable result and to achieve its dominating purpose. Its words should be interpreted in the sense most obvious to the common intelligence, because a matter proposed for public adoption must be understood by all entitled to vote." *Opinion of the Justices*, 365 Mass. 655, 657 (1974), quoting from *Lincoln* v. *Secretary of the Commonwealth*, 326 Mass. 313, 317 (1950).

The terms "industry" and "industrial" have a very broad definition in common usage. " 'Industry' is defined by lexicographers to be 'habitual diligence in any employment, either bodily or mental'; and 'industrial,' as consisting in or pertaining to industry." *Carver Mercantile Co.* v. *Hulme*, 7 Mont. 566, 571 (1888). Other courts, when called on to define "industry" or "industrial," have

---

[3] See Employment Rev., vol. 4, No. 5, at 3 (May, 1977).

adopted the definition supplied by one of the several editions of Webster's International Dictionary.[4]

Although most definitions indicate that manufacturing is a primary illustration of an industrial activity, it is nevertheless not an exclusive example. "Industry" is a generic term which may be applied readily to activities which are not confined to the process of fabricating new products from raw materials. See cases cited note 4 *supra.* Cf. *Jones* v. *Demoulas Super Mkts. Inc.,* 364 Mass. 726, 733-734 (1974) (industry in a labor dispute); *Milk Wagon Drivers Local 753* v. *Lake Valley Farm Prods., Inc.,* 311 U.S. 91, 93-94 (1940) (production, processing, and delivery of milk); *Opinion of the Justices,* 368 Mass. 880, 888 (1975) (recreational enterprises). Assembling, displaying, distributing, managing, processing, selling, transporting, or warehousing of goods, materials, and services are categorized by the Legislature, in House No. 6207, as activities engaged in by industrial enterprises.[5]

We have previously observed that the purpose of art. 88 is to foster the expansion of the economy and the reduction of unemployment by providing a role for State and local government in the stimulation of industrial development. This purpose is best advanced by including non-

---

[4] *J.L. Brandeis & Sons* v. *NLRB,* 142 F.2d 977, 979 (8th Cir.), cert. denied, 323 U.S. 751 (1944) (retail department store sales). *Seltenreich* v. *Fairbanks,* 103 F. Supp. 319, 334 (D. Alas. 1952), aff'd, 211 F.2d 83 (9th Cir.), cert. denied, 348 U.S. 887 (1954) (home building enterprises). *State* v. *Jacksonville Port Auth.,* 305 So.2d 166, 168-169 (Fla. 1974) (supermarket warehouse and commercial laundry). *Briggs* v. *Zia Co.,* 63 N.M. 148, 153 (1957) (road construction company). *Chicago, R.I. & P.R.* v. *State,* 83 Okla. 161, 165 (1921) (agricultural pursuits). *Dessen* v. *Department of Labor & Indus.,* 190 Wash. 69, 74 (1937) (processing and canning oysters).

[5] At this juncture, we are concerned only with the constitutionality of the proposed legislation. *Opinion of the Justices,* 368 Mass. 831, 848 (1975). Therefore, "our conclusion is limited to the constitutionality of the bill 'on its face.' We 'cannot exclude the possibility that a provision of the bill, although constitutional on its face, may operate in an unconstitutional manner when applied to some particular state of facts not now envisaged.' ... However, we leave resolution of that problem, should it arise, to the appropriate time and place." *Opinion of the Justices,* 368 Mass. 880, 886 n.1 (1975), quoting from *Opinion of the Justices,* 368 Mass. 857, 866 (1975).

manufacturing enterprises within the term "industrial development." Accordingly, we conclude that House No. 6207, if enacted, would not violate art. 88.

Our answer to the question is, "No."

The foregoing opinion and answer is submitted by the Chief Justice and the Associate Justices, subscribing hereto on the twenty-fourth day of August, 1977.

EDWARD F. HENNESSEY
FRANCIS J. QUIRICO
ROBERT BRAUCHER
BENJAMIN KAPLAN
HERBERT P. WILKINS
PAUL J. LIACOS
RUTH I. ABRAMS