Fecteau, J.
This case arises out of a conflict surrounding the Charter of the Town of Southbridge (“the Town”) and its silence on the issue of removing a Chairman of the Town Council (“the Council”) before the end of his term. Robert Caprera and Albert Vecchia (“the plaintiffs”) argue that because the Charter is silent the default is Robert’s Rules of Order and removal should be under its terms. Bernard Haggerty (“Haggerty”) and the Town (collectively referred to as "the defendants”) argue that the only way to provide for the early removal of the Chairman is to amend the Charter.
The defendants now move this Court to: (1) determine that the Council may not remove a Chairman prior to the end of his one-year term; and (2) rule that the Charter supersedes Robert’s Rules of Procedure. The parties have filed cross motions for summary judgment and agree that the issue presented is purely a question of law which is amenable to resolution through summary judgment. For the following reasons, defendants’ motion is ALLOWED.

FACTS

The facts have been agreed upon by the parties and are as follows. The Town adopted a Home Rule Charter (“the Charter”) on March 2, 1973. The Charter created a new form of town government made up of 13 elected members and an appointed town manager. Robert’s Rules of Order has been used by the Town to transact business in town meetings since 1974.
On July 20, 1988, Councilor Haggerty (“Haggerty”) and four other councilors called a special meeting of the Council for the purpose of removing Scott Lazo as Chairman of the Council. On July 25, another special meeting of the Council was called and Haggerty made a motion “to rescind the vote taken on July 5, 1988, Agenda Item No. 6 — Election of Permanent Chairman, in its entirety.” The motion did not pass.
On January 16, 2002, the Council held another meeting where a motion was passed to elect Haggerty as the new Chairman of the Council.
*499 On January 17, 2002, nine Councilors called a special meeting to remove Haggerty as Chairman.
On January 23, 2002, a special meeting was convened and Haggerty announced that the agenda of the meeting, to remove him, was illegal and he would not allow a vote to be taken. At this time the town attorneys attempted to explain to the councilors why removal in the manner suggested was not proper. Ultimately they advised the Council to seek a Declaratory Judgment in this Court.

DISCUSSION

I. Standard of Review
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ. 56(c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). The moving party bears the burden of affirmatively demonstrating both the absence of triable issues and its entitlement to judgment as a matter of law. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who would not bear the burden of proof at trial may demonstrate the absence of triable issues by either submitting affirmative evidence negating an essential element of the non-moving party’s case or by showing that the non-moving party would have no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). To overcome a summary judgment motion, the non-moving party must articulate specific facts establishing the existence of general issues of material facts. Pederson, supra, at 17. Bare assertions or conclusions regarding an individual’s understandings and assumptions are insufficient to withstand a well pleaded motion for summary judgment. Polaroid Corp. v. Rollins Envtl. Servs., 416 Mass. 684, 696 (1993).
II. Supremacy of Town Charter
The plaintiffs advance two theories under which they may remove the Chairman before his one-year term is up. The first is that Robert’s Rules of procedure should be the default rule when the Charter is silent. This argument has no foundation in the law. In fact, Roberts’ Rules itself states that ”[i]n an incorporated organization, the corporate charter supersedes all its other rules . . . Nothing in the charter can be superseded by the organization itself unless the charter so provides.” See Robert’s Rules of Order, §2, pg. 11, 10th ed. (2000). Therefore, the Town’s own Charter and the provisions therein supersede all other rules, parliamentary or otherwise. Furthermore, courts in this Commonwealth have recognized the supremacy of town charters under Home Rule provisions over conflicting statutes. See Town Council of Agawam v. Town Manager of Agawam, 20 Mass.App.Ct. 100, 103-05 (1985). Although there is no conflict in the case at bar the deference by courts toward town charters is instructive. In Town Council of Agawam, supra, the council attempted to give itself the right of confirmation of the town manager’s appointments by voting itself the right. The Appeals Court ruled that the council could not give itself such a right because the town charter gave the right of appointment to the manager without confirmation by the town council. The Appeals Court ruled that the right of home rule makes the charter the exclusive word even if it conflicts with a previously passed statute. See Town Council of Agawam, supra at 105. “By the Legislature’s delegation to municipalities through G.L.c. 43B (the Home Rule statute) of greater power in managing their affairs, municipalities could, within certain broad limitations, choose for themselves the forms of local government they found best suited to their own needs, including as part of that choice the manner of creating and filling local offices.” Id. at 103, citing Opinion of the Justices, 368 Mass. 849, 855 (1975). The logical extension of this finding by the Court is that municipalities have the power to choose the manner of removal from local office. Therefore, as far as the facts at issue in the case at bar are concerned, the Charter supersedes all other rules used to govern the Town.
II. Silence of the Charter
The second argument advanced by the plaintiffs is that the absence of specific language in the Charter regarding removal of the Chairman means that the Chairman may be removed. Interpretation of relevant case law brings this Court to the opposite conclusion. The Charter in the case at bar provides a fixed term for the Chairman. Section 3-1-1 of the Charter states the following:
On the first regularly scheduled meeting on or after July 1 following the town elections, and after newly elected members shall have taken office, the council shall elect one of its members to serve as chairman of the council and a vice-chairman, both for a term expiring at the first regularly scheduled council meeting on or after July 1 following the town elections the next year.
The terms of the chairman and the vice-chairman are set for a specific time by the Charter. There is no authority for their early removal. There is, however, a provision for voters to remove a Town Councilman through a recall petition or a special election. The fact that there are provisions for these circumstances belies the plaintiffs’ argument that silence equals the implied ability to remove, nor does it imply simple oversight. If the framers of the Charter had meant for there to be early removal of the Chairman, such a condition would have been provided for as it was with town councilmen. Because there is no provision for early removal of Chairman and Vice-Chairman and because their terms are fixed by the Charter, there is no authority for removal, apart from considerations of permanent inability to serve that would cause the election of the Vice-Chairman, per Section 3-3-1, outside of amending the Charter itself. See Adie v. Mayor *500 of Holyoke, 303 Mass. 295 (1993) (where the Supreme Judicial Court ruled that a mayor had no authority to remove an appointed city official whose appointment was for a fixed term outlined by the charter).
In sum, a motion to remove the Chairman is out of order as there are no such provisions in the Charter and therefore such motion would have no legal force. The Charter supersedes any other rules or procedures and as it stands right now the Charter does not provide for the Chairman’s early removal. Therefore, the plaintiffs only remedy is to amend the Charter.

ORDER

For the foregoing reasons it is hereby ORDERED that defendants’ motion for summary judgment be ALLOWED and that of the plaintiffs’ is DENIED.
A judgment shall enter that declares that the Home Rule Charter of the Town of Southbridge is the governing document with respect to the manner of the election and terms of office of the Chairman of the Town Council. The judgment shall further declare that in the absence of language in the Home Rule Charter regarding the manner of removal of a Chairman of the Town Council, Robert’s Rules of Order do not apply and that according to said Home Rule Charter, as presently written, removal of the Chairman for reasons other than permanent disability, death, or resignation is not permitted prior to the expiration of his term of office unless through the recall provisions set out in Sections 10-4-1 through 10-4-4 in the Home Rule Charter.