JAMES J. MARINO & others vs. TOWN COUNCIL OF
SOUTHBRIDGE.

Worcester.    February 15, 1979. — April 25, 1979.

Present: BROWN, GREANEY, & KASS, JJ.

*Constitutional Law*, Home Rule Amendment, Municipalities. *Municipal Corporations*, Home rule. *Southbridge.*

The initiative provisions of a town charter adopted pursuant to the
    Home Rule Amendment were properly invoked to require the town
    council to place before the voters of the town a question whether
    the town council should petition the Legislature under § 8 of the
    Home Rule Amendment to adopt legislation restoring the town
    meeting form of government in the town. [463-465]

CIVIL ACTION commenced in the Superior Court on February 22, 1977.

The case was heard by *Taveira, J.*, on a motion for
summary judgment.

*Douglas A. Randall* for the defendant.

*Carter Lee* for the plaintiffs.

KASS, J. In 1973, the inhabitants of the town of Southbridge, acting conformably with art. 89 of the Amendments to the Constitution of the Commonwealth (the Home Rule Amendment) and G. L. c. 43B, as inserted by St. 1966, c. 734, § 1, adopted the Southbridge Home Rule Charter. Under this charter, Southbridge, in lieu of a town meeting form of government, vested legislative functions in a town council and executive functions primarily in a town manager.

The plaintiffs are voters, taxpayers and property owners in Southbridge who desire a restoration of the town meeting form of government. Toward this end, the plaintiffs and their adherents have been engaging in a political

chess match with the members of the town council. For purposes of this decision, it is necessary to describe only the last move. This was the presentation to the town council on February 4, 1977, of a petition signed by more than five percent of the registered voters of Southbridge requesting the town council, in accordance with §§ 11-2-1 and 11-2-4 of the Southbridge charter, to submit to the voters of the town the question of restoration of a town meeting form of government.[1]

Sections 11-2-5 and 11-2-6 of the Southbridge charter impose on the town council the duty to order a special election within thirty days after certification of the initiative petition by the board of registrars of voters, or to schedule a vote on the question presented by the petition at the regular town election, if one falls within 120 days after certification of the petition. The town council, however, voted to reject the petition on the ground that it was not the appropriate procedure for a charter amendment under the charter itself, under §§ 3 and 4 of the Home Rule Amendment, or under §§ 3, 4, 10 and 15 of G. L. c. 43B (the Home Rule Procedures Act). The council voted, instead, to put the question of restoration of the traditional town meeting form of government to the voters as a nonbinding question at the next regular town election.

Thereupon the plaintiffs filed a complaint in the Superior Court asking the court to order the town council to hold a special election on their initiative petition. The plaintiffs moved for summary judgment on the pleadings and an agreed statement of facts. The motion was allowed, and judgment entered ordering the town council to hold a special town election. From this judgment the town council appealed.

---

[1] Specifically, the voters would be asked to vote for or against directing the town council to petition the Legislature to enact as a special law "An Act restoring the town meeting—selectman form of government in the town of Southbridge."

The plaintiffs' approach to charter repeal has been un-
der § 8 of the Home Rule Amendment which provides:
"The general court shall have the power to act in relation
to cities and towns, but only by general laws which apply
alike to all cities, or to all towns, or to all cities and towns
... and by special laws enacted (1) on petition filed or
approved by the voters of a city or town, or the mayor and
city council, or other legislative body, of a city, or the
town meeting of a town, with respect to a law relating to
that city or town." The town council responds that the
initiative, referendum and petition-to-the-Legislature ap-
proach to charter reform is precluded by that portion of
§ 2 of the Home Rule Amendment which says that "[t]he
provisions of any adopted or revised charter or any char-
ter amendment shall not be inconsistent with the consti-
tution or any laws enacted by the general court in con-
formity with the powers reserved to the general court by
section eight." In the same vein, the town council points
to § 6 of the Home Rule Amendment, which permits
municipalities to adopt, amend or repeal local ordinances
or by-laws in a manner "which is not inconsistent with
the constitution or laws enacted by the general court in
conformity with powers reserved to the general court by
section eight, and which is not denied, either expressly or
by clear implications, to the city or town by its charter."

Rephrased, the town council argues that if a municipal-
ity once adopts a charter under the Home Rule Amend-
ment, the exclusive avenue of amendment or repeal of
that charter is through the more complex charter amend-
ment provisions of c. 43B or the provisions of the Home
Rule Charter itself.

1. The town council's position makes the question look
more difficult than it is. The Home Rule Amendment and
c. 43B provide alternate routes to charter reform, the
first entirely local, the second involving the intervention
of the Legislature. While the Home Rule Amendment
forbids the imposition of the Legislature's will on a par-
ticular municipality to the exclusion of other municipali-

ties, § 8 of the Home Rule Amendment provides for legislative action *upon* petition of the voters of the city or town. Section 8 is, after all, a provision of the Constitution, and there is something irretrivably illogical about the town council's contention that application of § 8 procedures is inconsistent with the Constitution. In *Selectmen of Braintree* v. *Town Clerk of Braintree*, 370 Mass. 114 (1976), the court expressly held that the procedure authorized by § 8 could be used to increase the number of selectmen in Braintree, which had no special charter. The existence of a charter adopted pursuant to c. 43B appears to be the only factual distinction which prevents the *Braintree* decision from being on all fours. We think it is a distinction without a difference. We refer to that decision and do not here restate the legislative history which confirms the availability of a second avenue of charter reform by petition to the Legislature.

Action by petition of the inhabitants of a town to the Legislature is apt for raising the comparatively discrete question of charter revocation, because it does not set in motion the elaborate process for action required by §§ 3 and 4(2) of the Home Rule Amendment and G. L. c. 43B, §§ 4 and 10, particularly the selection of a charter commission. The language of the Home Rule Amendment and c. 43B deals with charter adoption, amendment or revision. It does not mention revocation. The avenue of charter repeal by initiative-referendum-petition frustrates no legislative purpose articulated in c. 43B or in the Home Rule Amendment; it introduces no cacophonous strains, as the town council would have us think, into the harmony of general and local law; and it confirms the right of self-government by the inhabitants of a city or town.

2. Since § 8 provides a complete and independent source of citizen power to achieve charter reform (including the ultimate reform of repeal) it remains to consider whether the plaintiffs followed the appropriate procedures to implement § 8. We rule that they did.

There is no general law detailing procedures for filing or approving a voter's petition under § 8(1). *Opinion of the Justices,* 370 Mass. 879, 884 (1976). The Southbridge charter provides in § 11-1-1 that the voters shall have the power to "propose . . . measures within the authority of the town council by initiative petition." Statute 1975, c. 790, § 2, vested in the town council of Southbridge all powers and duties generally conferred on town meetings. Since the town council has the powers of a town meeting, it has the power to petition the Legislature, and this is then a "measure" within the authority of the town council. The initiative provisions of the Southbridge charter were properly invoked to require the town council to place before the voters of Southbridge the question whether the town council should petition the Legislature to restore the town meeting form of government.

*Judgment affirmed.*