DEPARTMENT OF ENVIRONMENTAL QUALITY ENGINEERING vs. TOWN OF HINGHAM.

Suffolk. December 14, 1982. — March 9, 1983.

Present: BROWN, ROSE, & DREBEN, JJ.

*Statute,* Construction. *Wetlands Protection Act. Hingham. Words,* "Project."

Work undertaken by the town of Hingham in relocating a brook to alleviate a drainage problem was not exempt from the requirements of G. L. c. 131, § 40, the Wetlands Protection Act, by virtue of St. 1933, c. 19, authorizing the town to "improve brooks, streams and water courses" within the town "for drainage purposes and for the purpose of protecting the public health." [409-412]

CIVIL ACTION commenced in the Superior Court Department on February 4, 1980.

A motion for summary judgment was heard by *Lynch,* J.

*Catherine A. White (George M. Ford* with her) for the defendant.

*Anne Rogers,* Assistant Attorney General, for the plaintiff.

ROSE, J. This case is before the court on appeal from the entry of summary judgment, pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974), in favor of the plaintiff, the Department of Environmental Quality Engineering (DEQE), in an action brought against the town of Hingham (town) to secure compliance with G. L. c. 131, § 40, commonly known as the Wetlands Protection Act.

The case was referred to a master who heard DEQE's motion for summary judgment on the following undisputed facts. In 1979 the town began work on the relocation of a section of Town Brook within Hingham to alleviate a drainage problem. On November 8, 1979, the Hingham conser-

vation commission issued a written determination stating that under the Wetlands Protection Act the town was required to file a notice of intent covering the work being done on Town Brook. The town did not file a notice of intent. On November 16, 1979, DEQE issued a cease and desist order. The town did not comply with the order, taking the position that the work on Town Brook was authorized by St. 1933, c. 19, and that the town was therefore exempt from the requirements of the Wetlands Protection Act. Chapter 19 of the Acts of 1933 authorizes Hingham to "improve brooks, streams and water courses, or any part thereof" within the town "for drainage purposes and for the purpose of protecting the public health."

The master recommended that summary judgment be entered for the plaintiff. Following a review of the full record, the court below adopted the master's recommendation, ruled that the town was not exempt from the requirements of the Wetlands Protection Act by virtue of St. 1933, c. 19, and, accordingly, enjoined the town from further work on Town Brook until it should be in compliance. An order was entered staying judgment pending this appeal by the town.

The sole issue on appeal involves the proper construction of the following provisions of G. L. c. 131, § 40, as appearing in St. 1979, c. 693:

> "The provisions of this section shall not apply to any mosquito control work done under the provisions of clause (36) of section five of chapter forty, of chapter two hundred and fifty-two or of any special act; to maintenance of drainage and flooding systems of cranberry bogs, to work performed for normal maintenance or improvement of land in agricultural use or in aquacultural use; *or to any project authorized by special act prior to January first, nineteen hundred and seventy-three*" (emphasis supplied).

The town contends that the work on Town Brook is a "project authorized by special act" within the meaning of G.L.

c. 131, § 40, and that the court below erred as matter of law in construing the provision in such a way as to limit its scope. We find no error in the lower court's interpretation of the statute.

We have found no case construing the statutory language in question, and the legislative history provides no help.[1] Therefore, we look to the words themselves and construe them in accordance with their common usage and ordinary meaning in a manner promoting the object to be accomplished by the statute. *Nantucket Conservation Foundation, Inc.* v. *Russell Management, Inc.*, 380 Mass. 212, 214 (1980). *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 382 Mass. 580, 585 (1981). *Worcester Vocational Teachers Assn.* v. *Worcester*, 13 Mass. App. Ct. 1, 7-8 (1982). Because the language at issue is an exemption provision, it must be strictly construed. *Opinion of the Justices*, 254 Mass. 617, 620 (1926). *Loyal Protective Life Ins. Co.* v. *Massachusetts Indem. & Life Ins. Co.*, 362 Mass. 484, 493 (1972). 2A Sands, Sutherland Statutory Construction § 47.08 (4th ed. 1973).

Chapter 19 of the Acts of 1933 authorizes certain work by the town with respect to its brooks, and for purposes of review of the entry of summary judgment we accept the town's contention that the improvement of its waterways has been an ongoing activity. However, the Wetlands Protection Act refers to "any project" authorized by special act prior to January 1, 1973, and the word "project" limits the exemption. The word "project" is commonly used to repre-

---

[1] The exemption provision of the Wetlands Protection Act has been amended several times since it was originally inserted in 1967. See St. 1967, c. 802, § 1; St. 1972, c. 784, § 1; St. 1974, c. 818, § 1; St. 1975, c. 363, § 2; St. 1979, c. 693. The words relied upon by the town, "any project authorized by special act prior to January first, nineteen hundred and seventy-three," were originally inserted by St. 1974, c. 818. See 1974 Senate Doc. No. 1842; 1974 House Journal 2567; 1974 Senate Journal 2206. We have found no published reports in the legislative history which shed light upon the intent of the General Court in adding the language at issue.

sent a definite plan. See *People ex rel. San Francisco Bay Conservation & Dev. Commn.* v. *Emeryville,* 69 Cal. 2d 533, 545 (1968); Webster's Third New Intl. Dictionary 1813 (1971). Chapter 19 of the Acts of 1933 authorized future work on waterways in Hingham not contemplated in concrete terms at the time the special act was passed. The word "project" within the meaning of the exemptions to the Wetlands Protection Act does not include such general authorizations. See *People ex rel. San Francisco Bay Conservation & Dev. Commn.* v. *Emeryville, supra* at 543-547.

The Wetlands Protection Act subjects plans for the alteration of wetlands to the scrutiny of an agency charged with considering environmental concerns in order to protect the inland wetland resources of the Commonwealth. If a strict construction is not given to the word "project," a broad bypass of environmental controls will result, undercutting the purpose of the statute. See *McCarthy* v. *Woburn Housing Authy.,* 341 Mass. 539, 542 (1960); *People ex rel. San Francisco Bay Conservation & Dev. Commn.* v. *Emeryville, supra* at 544-547. See also G. L. c. 30, § 61.

*Judgment affirmed.*