TOWN COUNCIL OF AGAWAM *vs.* TOWN MANAGER
OF AGAWAM & another.[1]

Hampden.    April 9, 1985. — May 23, 1985.

Present: GREANEY, C.J., PERRETTA, & SMITH, JJ.

*Municipal Corporations,* Charter, Home rule, Officers and employees. *Statute,* Construction. *Agawam.*

Under the Agawam town charter, which gave the town manager the right to appoint "all officers and employees of the town except employees of the school department" and which did not confer on the town council the right to confirm the manager's appointments, the town manager's appointment of the town assessor was not subject to confirmation by the council and the town council could not acquire the right of confirmation by simply voting itself that right. [103-106]

Any inconsistency between the Agawam town charter, providing for appointment of local officials by the town manager without confirmation by the town council, and G. L. c. 39, § 1, providing for confirmation of a mayor's appointments by the board of aldermen, was eliminated by the enactment of St. 1984, c. 363. [104-106]

CIVIL ACTION commenced in the Superior Court Department on May 4, 1984.

The case was heard by *Lawrence B. Urbano,* J.

*Edward J. McDonough, Jr.,* for the plaintiff.

*Michael P. Curran* for the defendants.

GREANEY, C.J. This is an appeal by the town council of Agawam from a Superior Court judgment which declared that under the Agawam charter the council does not have the right to confirm certain appointments made by the town manager nor the power by a vote to acquire that right.[2] The council argues

_____

[1] Roy E. Bishop.

[2] The council's action sought declaratory and injunctive relief, and relief in the nature of mandamus, pursuant to G. L. c. 231A, § 1, G. L. c. 214, § 1, and G. L. c. 249, § 5, respectively.

(1) that the pertinent provisions of the charter should be construed as requiring the confirmation procedure for appointed town officials outlined in G. L. c. 39, § 1; and (2) that the council's vote requiring confirmation confers that right and does not violate G. L. c. 43B, the Home Rule Procedures Act.

On November 16, 1971, the voters of Agawam adopted the Agawam charter pursuant to the Home Rule Amendment (art. 2 of the Amendments to the Constitution of Massachusetts, as appearing in art. 89 of those Amendments) and G. L. c. 43B. Under the charter, the council constitutes the duly elected legislative body of Agawam. The charter also provides for the appointment by the council of a town manager, who is the chief executive and administrative officer of the town. The town manager in turn is given the power by the charter to appoint "all officers and employees of the town except employees of the school department."[3] There is no provision in the charter conferring upon the council the right to confirm any of the town manager's appointments.

On March 5, 1984, the council, by a vote of eight to seven, reserved to itself the power to confirm certain appointments made by the town manager, among them the appointment of the town assessor.[4] After the vote, the town manager notified the council that he had appointed the defendant Roy E. Bishop to the position of town assessor, effective May 7, 1984. He further advised the council that he did not intend to submit Bishop's name for council confirmation. This lawsuit over the respective powers of the manager and council resulted.[5]

---

[3] The full text of the pertinent section of the charter conferring the power of appointment on the manager reads as follows: "Except as otherwise provided by this charter, the town manager shall appoint upon merit and fitness alone, and may remove, subject to the provisions of the civil service laws where applicable, all officers and employees of the town, except employees of the school department."

[4] The other positions which the vote purported to make subject to council confirmation were the positions of town clerk, town treasurer, town collector, health agent, park and recreation director, and town attorney.

[5] Pending resolution of the questions presented by the lawsuit the town manager appointed Bishop as the town assessor pursuant to his emergency powers under G. L. c. 41, § 61A.

The principal issue is whether the Agawam town manager and town council must comply with the procedures of G. L. c. 39 relating to the appointment and confirmation of city officials.[6] Section 1 of c. 39 requires that "all [mayoral] appointments shall be subject to confirmation and rejection by the aldermen, and upon the rejection of a person so appointed the mayor shall within one month thereafter make another appointment." Section 1 further provides that "[i]n cities having a single legislative board other than a board of aldermen, such board shall . . . have the powers, perform the duties and be subject to the liabilities of the board of aldermen." The town council reads this provision in conjunction with G. L. c. 4, § 7, which indicates that " '[a]ldermen,' 'board of aldermen,' 'mayor and aldermen,' 'city council,' or 'mayor' shall, in a city which has no such body or officer, mean the board or officer having like powers or duties." The council argues that since under the charter it has the power and duties of a board of aldermen, and the town manager those of a mayor, G. L. c. 39, § 1, confers upon it the right to confirm the town manager's appointments, notwithstanding the fact that the charter contains no such express right. The council further suggests that, if the right of confirmation is not read into the charter, the provision of the charter relating to the appointment of town officials may be invalid because it is inconsistent with c. 39. According to the council, § 24 of c. 39 permits inconsistencies only between c. 39 and charters adopted pursuant to general or special law, not between c. 39 and charters, like Agawam's adopted pursuant to G. L. c. 43B. As additional support for its arguments, the council points to cases which call for statutes to be construed harmoniously, if at all possible. See *Boston* v. *Chelsea*, 343 Mass. 499, 501 (1962); *Yaro* v. *Board of Appeals of Newburyport,* 10 Mass. App. Ct. 587, 589 (1980).

After this case was decided in the Superior Court, the Legislature enacted c. 363 of St. 1984, amending portions of G. L.

---

[6] Despite the fact that Agawam calls itself a "town," the parties have stipulated that its charter establishes a city form of government which may be subject to the provisions of G. L. c. 39, a statute relating to the functions of "city" government. In *Chadwick* v. *Scarth,* 6 Mass. App. Ct. 725, 730 n.5 (1978), we determined that Agawam has a "city" form of government.

c. 43B. We find this recent legislation dispositive of the conflict.

By § 7 of c. 363 of St. 1984, a new § 20 is added to c. 43B which provides that "[t]he provisions of any charter or charter amendment adopted pursuant to the provisions of [G. L. c. 43B] shall be deemed consistent with the provisions of any law relating to the structure of city and town government, the creation of local offices, the term of office or mode of selection of local offices, and the distribution of powers, duties and responsibilities among local offices." The amending legislation then lists in the new § 20 a number of charter provisions which may be specifically adopted within the broad grant of local authority just enumerated. Among them is a provision "(*b*) that any particular local officer or employee shall be appointed by any particular local officer."

We must construe St. 1984, c. 363, according to the common usage and ordinary meaning of its language in light of the objectives to be accomplished by the statute. See *Nantucket Conservation Foundation, Inc.* v. *Russell Management, Inc.*, 380 Mass. 212, 214 (1980); *Department of Environmental Quality Engr.* v. *Hingham*, 15 Mass. App. Ct. 409, 411 (1983). Those objectives can be found in the history of home rule in Massachusetts. As this court has noted before, when the Home Rule Amendment was adopted in 1966, the Legislature failed to revise many existing laws to reflect the new balance of power that the Amendment established between municipalities and the Commonwealth. See *Chadwick* v. *Scarth*, 6 Mass. App. Ct. 725, 730 (1978). Statute 1984, c. 363, is a significant step taken by the Legislature to remedy this oversight. The statute makes explicit what was implicit before in the Legislature's decision to enact the Home Rule Procedures Act. By the Legislature's delegation to municipalities through G. L. c. 43B of greater power in managing their affairs, municipalities could, within certain broad limitations, choose for themselves the forms of local government they found best suited to their own needs, including as part of that choice the manner of creating and filling local offices. See *Opinion of the Justices*, 368 Mass. 849, 855 (1975). See also *Opinion of the Justices*,

356 Mass. 775, 785-787 (1969); *Board of Appeals of Hanover* v. *Housing Appeals Comm.,* 363 Mass. 339, 357-358 (1973). This conclusion is supported not only by the purposes of home rule but also by amendments of other general laws which are included among the provisions of St. 1984, c. 363. These Amendments make changes in G. L. c. 4, § 7, and G. L. c. 41, § 1, to conform these laws to the practical realities of local government under the Home Rule Amendment, and to charters adopted by municipalities under G. L. c. 43B.[7]

In this context, we think the application of St. 1984, c. 363, to this case is clear. The language of St. 1984, c. 363, indicates that it is retroactive to municipal charters and laws adopted or enacted prior to the statute's effective date.[8] A municipal charter may provide for the method of selection of assessors. See *Blaser* v. *Town Manager of Methuen,* 19 Mass. App. Ct. 727, 729 n.2 (1985). Since the Agawam charter was effectively adopted pursuant to G. L. c. 43B, as amended, its provision for appointment of local officials by the town manager without confirmation by the town council must be deemed consistent with G. L. c. 39, § 1, a law adopted in its present form more than sixty years ago when the concept of home rule was unknown. The absence of any right of confirmation on the part of

---

[7] General Laws c. 4, § 7, provides definitions of statutory terms which prevail unless otherwise indicated in specific statutes. Statute 1984, c. 363, § 1, amends c. 4, § 7, by expanding the term "charter" to include charters adopted pursuant to G. L. c. 43B. Section 5 of St. 1984, c. 363, also amends G. L. c. 41, § 1, to allow certain town officers to be chosen by means other than election by the town's registered voters if the town charter so provides.

[8] Section 20 of St. 1984, c. 363, uses broad language to make its provisions applicable to "[t]he provisions of *any* charter or charter amendment adopted pursuant to the provisions of [G. L. c. 43B]," and to "the provisions of *any* law relating to the structure of city and town governments" (emphasis supplied). In addition to this language (and the absence of any language placing a limitation on the time of the statute's operation), the retroactive application of the legislation is supported by its remedial character in correcting oversights which occurred when the Home Rule Amendment and the Home Rule Procedures Act were adopted. See *Kagan* v. *United Vacuum Appliance Corp.,* 357 Mass. 680, 683 (1970); *City Council of Waltham* v. *Vinciullo,* 364 Mass. 624, 626 (1974).

the town council with respect to the town manager's appointment of the town assessor is fatal to the town council's position.[9] It follows from what has been said that the council's contention that it can acquire the right of confirmation by simply voting itself that right must also fail. The charter provision is explicit and exclusive. It vests in the town manager the sole power of appointment and by clear implication denies to the town council the right of confirmation. See *Brady* v. *Brady,* 380 Mass. 480, 484 (1980); *County of Middlesex* v. *Newton,* 13 Mass. App. Ct. 538, 542 (1982). By arrogating this right

---

[9] Our reliance on the validating effect of St. 1984, c. 363, renders it unnecessary to discuss the several arguments raised by the town manager before the Superior Court, and repeated to us, to the effect that the charter provision in issue is not in conflict with any portion of G. L. c. 39. It is sufficient to say that the arguments have merit, as the judge of the Superior Court found, but the path to resolution of the dispute is much simplified by the enactment of St. 1984, c. 363.

We also find it unnecessary to discuss at great length the decision in *Young* v. *Mayor of Brockton,* 346 Mass. 123 (1963), relied upon by the council to support its position. In *Young,* the Supreme Judicial Court held that a city charter provision calling for the appointment of members of the liquor licensing board without confirmation by the city council would not escape the provisions of G. L. c. 138, § 4, which required such confirmation. The court's decision there, however, was based on the special characteristics of liquor licensing boards which were established in the wake of the repeal of prohibition and which operate under a detailed and strict Statewide plan of supervision and control reflecting the Commonwealth's supervening interest in the uniform regulation of the sale and distribution of alcoholic beverages. *Id.* at 125; *Kaczmarski* v. *Mayor of Springfield,* 346 Mass. 432, 435-436 (1963). While the Commonwealth has expressed an interest in the work of town assessors, see G. L. c. 41, §§ 24-30B, *Blaser* v. *Town Manager of Methuen, supra,* it has not established a Statewide plan for their supervision at all comparable to that mandated for alcoholic liquors. See G. L. c. 138, §§ 1-78. Moreover, G. L. c. 39, § 1, the statute relied upon by the council, does not single out the town assessor for special treatment. Unlike the statute relied upon in *Young,* it is purely general in its operation. Nor at the time of the *Young* decision was the Home Rule Amendment in effect, or was there any statute in effect such as St. 1984, c. 363, which was designed specifically to harmonize municipal charters with arguably inconsistent State laws in the matter of appointment and confirmation of municipal officials. Accordingly, the different circumstances confronting the Supreme Judicial Court in the *Young* case have no application in this case. We expressly make no determination, however, of the effect of St. 1984, c. 363, on the sort of appointment discussed in the *Young* case.

to itself, the council has attempted to make a fundamental change in the scheme of appointment established by the charter without resorting to the two valid methods created for the amendment of municipal charters. See Home Rule Amendment §§ 3 & 4, and G. L. c. 43B, § 10 (amendment by two-thirds council vote and majority vote of the registered voters); Home Rule Amendment § 8 (amendment by legislative vote upon a petition by voters). See also *Harrington* v. *Selectmen of Tisbury*, 369 Mass. 652, 654 (1976); *Selectmen of Braintree* v. *Town Clerk of Braintree*, 370 Mass. 114 (1976); *Marino* v. *Town Council of Southbridge*, 7 Mass. App. Ct. 461 (1979). Such an attempt violates the right of home rule.

*Judgment affirmed.*