TERRENCE O'CONNELL *vs.* MAYOR OF LYNN.

No. 00-P-127.

Essex. February 6, 2002. - April 25, 2002.

Present: BECK, SMITH, & KANTROWITZ, JJ.

*Municipal Corporations,* Officers and employees, Charter. *Lynn.*

In an action by a city's administrator of the public medical institution (administrator) seeking to enjoin the city's mayor from terminating him or otherwise interfering with his employment, summary judgment was correctly allowed in favor of the mayor where, since the administrator had never been properly appointed under the city's charter, he was not entitled to the benefit of the charter's reappointment and removal provisions. [585-586]

CIVIL ACTION commenced in the Superior Court Department on December 11, 1998.

The case was heard by *Allan van Gestel,* J., on motions for summary judgment.

*Stephen E. Kiley* for the plaintiff.

*James Lamanna* for the defendant.

KANTROWITZ, J. Terrence O'Connell, the plaintiff, appeals from a summary judgment entered in favor of the defendant, the mayor of the city of Lynn. The issue at hand concerns the status of O'Connell's appointment and reappointment as administrator of the public medical institution (administrator) of the city of Lynn in light of the mayor's failure to comply with the appointment procedures established by the Lynn city charter. We affirm.

*Background.* The provisions of Section 3-9 of the Lynn city charter require the mayor to submit the name of a proposed appointee for the administrator position to the Lynn city council for confirmation. The city council then must refer the candidate to a standing committee, which in turn must investigate the candidate and make a report and recommendation to the full

city council. Absent further city council action, an appointment becomes effective thirty days after submission of the name by the mayor. An appointment is for a three-year term. Under Section 6-5 of the charter, an appointee who is reappointed to the position after a full term then serves indefinitely, and may be terminated only under the removal procedures specified elsewhere in the charter.[1]

On February 22, 1995, the mayor sent a letter to the personnel director for the city of Lynn, advising the director that he had "appointed" O'Connell to the position of administrator with an effective date of February 12, 1995. It is undisputed that the mayor failed to comply with the provisions of Section 3-9 of the city charter in that he did not submit O'Connell's name to the city council for confirmation of the appointment. No confirmation proceedings were held by the council.

When O'Connell had served in this capacity for three years, no action was taken by the mayor or the city council regarding O'Connell's dismissal or "reappointment" to the position. On November 19, 1998, the mayor issued O'Connell a letter informing him that the mayor had "chosen not to re-appoint" O'Connell and terminating him, effective December 19, 1998.

O'Connell sought injunctive relief in Superior Court to prohibit the mayor from terminating him or otherwise interfering with his employment, and declaratory relief as to his employment status. His request for preliminary injunctive relief was denied, and his termination went into effect on December 19 as scheduled. On cross motions for summary judgment, a judge denied O'Connell's motion and allowed the mayor's, ruling that O'Connell had not been properly appointed and confirmed and, as such, had no claim to continued employment with the city. A judgment entered declaring that O'Connell "has

---

[1]Section 6-5 of the Lynn city charter states:

"Notwithstanding any other provision of the charter which may appear to be in conflict, all department heads who after serving a full term of office when appointed for a term of years are reappointed to the same office to succeed themselves shall thereafter serve for an indefinite term, not subject to reappointment, but subject to removal, as provided in Section 6-6."

no right to 'reappointment' under the Lynn City Charter, since he was never confirmed by the City Council in the first instance."

O'Connell claims that, although his name was never submitted by the mayor and the city council did not confirm his appointment expressly, he was "de facto" appointed. He argues that he served in the position for three years with the knowledge and acquiescence of the city council, and that his alleged appearances before the council were the equivalent of what is required for confirmation under Section 3-9 of the charter.[2] Further, he asserts, as no action was taken at the end of his tenure, he was "de facto" reappointed and under Section 6-5 cannot be terminated except under the removal provisions of the charter, see Section 6-6, which were not followed here.

Both parties cite *Town Council of Agawam* v. *Town Manager of Agawam*, 20 Mass. App. Ct. 100 (1985), as bearing heavily on the issue. O'Connell claims *Agawam* stands for the proposition that a municipal charter may provide for an employee appointment process that does not involve town council approval, and still be deemed consistent with G. L. c. 39, § 1.[3] This is a correct statement about *Agawam*, but does not resolve the present issue. The Lynn city charter clearly sets out the manner

---

[2] O'Connell claims to have appeared before the city council at the beginning of his employment, and then annually during budget hearings. The mayor disputes these claims in an affidavit by Robert G. Furlong, city clerk for the city of Lynn, stating that there are no records of O'Connell's claimed appearances, and that Furlong has no personal recollection of them.

[3] General Laws c. 39, § 1, states:

"Except as otherwise provided by law, city councils shall have the powers of towns; boards of aldermen shall have the powers, perform the duties and be subject to the liabilities of selectmen, except with respect to appointments, and the mayor shall have the powers, perform the duties and be subject to the liabilities of selectmen with respect to appointments, but all his appointments shall be subject to confirmation and rejection by the aldermen, and upon the rejection of a person so appointed the mayor shall within one month thereafter make another appointment. In cities having a single legislative board other than a board of aldermen, such board shall, so far as appropriate and not inconsistent with the express provisions of any general or special law, have the powers, perform the duties and be subject to the liabilities of the board of aldermen."

in which appointments may be confirmed, which, unlike the charter in *Agawam*,[4] expressly involves city council approval. *Agawam* indicates that municipal charters are to be followed where the provisions are unambiguous. See *id.* at 104-106. Here, they are. The Lynn city charter unambiguously set out the method for confirmation, which was not followed.

Because O'Connell was never properly appointed under the city charter, he is not entitled to assert its reappointment and removal provisions. Summary judgment in favor of the defendant mayor was correctly granted.[5]

*Judgment affirmed.*

---

[4]The Agawam "charter . . . provides for the appointment by the council of a town manager, who is the chief executive and administrative officer of the town. The town manager in turn is given the power by the charter to appoint 'all officers and employees of the town except employees of the school department.' *There is no provision in the charter conferring upon the council the right to confirm any of the town manager's appointments." Town Council of Agawam* v. *Town Manager of Agawam*, 20 Mass. App. Ct. at 101 (footnote omitted) (emphasis added).

[5]O'Connell also argues that the mayor should not be allowed to benefit from his failure to follow the charter. We note that O'Connell also benefited from the mayor's noncompliance with the charter. He received a salary for the three years and nine months he was "in office."