McCann, J.
INTRODUCTION
Counsel for plaintiff — Gary S. Brackett, Esq. and James T. Masteralexis, Esq.
Counsel for the defendant — John W. Giorgio, Esq. and Brian W. Riley, Esq.
BACKGROUND
The town of Southbridge (Southbridge) is governed by a town charter which by §11-1-1 states that the *365 voters of the town shall have the power to propose and review bylaws and other “measures” within the authority of the town council (council) by Initiative Petition and Referendum.
On December 23,2002, by vote of 8 to 5, the council voted to terminate Michael J. Coughlin (Coughlin) as town manager.
Dawn Piche (Piche) and Coughlin commenced a purported Initiative Petition which read in pertinent parts as follows: “Shall Michael J. Coughlin be returned to office as Southbridge town manager?” In March of 2003, Piche submitted the Initiative Petition containing the signatures of two hundred and seventy-six certified voter, more than 2 percent of the total number of voters registered at the last regular town election. On April 2,2003, Piche was notified by Steven L. Delaney, acting town manager, that council “is not expected to act on the petition you have presented.”
Because of that rejection, Piche filed a subsequent Initiative Petition under §11-2-4 of the town charter seeking to submit the question to a vote at the regular town election or in a special election. It was signed by six hundred and forty-six registered voters which is more than five percent of the total number of registered voters at the last regular town election. §11-2-6 of the town charter states that if a regular town election is to be held within one hundred and twenty days after the certification of the petition, the council may instead submit the question at such an election. A regular town election is scheduled in Southbridge on June 6, 2003.
Ballots have been printed for the regular town election. Absentee ballots have been printed and have been mailed out and 23 absentee ballots have been returned. On May 7, 2003, town counsel issued an opinion letter to council that the petition should not be acted upon and not placed on the ballot in the June 6, 2003 election.
Coughlin and Piche filed the within complaint for Declaratory Relief and Injunctive Relief. It was filed on May 12, 2003. A Motion for a Short Order of Notice was issued and the matter came before the Court for hearing on May 16, 2003, all parties being present, memorandum having been filed, and case argued.

DISCUSSION

The town of Southbridge (Southbridge) has adopted a home rule charter. The Southbridge council exerts all legislative authority in the town. It also has certain executive authority and duties comparable to those of a Board of Selectmen of other towns.
The appointment or removal of a town officer is not a legislative function but is purely executive. City Council of Boston v. Mayor of Boston, 383 Mass. 716 (1981).
Southbridge’s town charter designates the town manager as the chief administrative officer. He is appointed by council. The charter provides that council may initiate the removal of the manager by adoption of a rule to that effect. The procedures are set forth in §4-5-7 of the charter which provides that council may hire and remove the town manager “at its pleasure.” The language is plain and unambiguous and its provisions should be interpreted according to their plain meaning. Garrison v. Merced, 33 Mass.App.Ct. 116 (1992).
Section 11-1-1 of the town charter provides that voters of the town shall have the power to propose and review bylaws and other measures within the authority of the town council by Initiative Petition and Referendum in accordance with the procedures established in [the charter). §11-2-1 provides the voters of the town may initiate legislation by submission of the proposed bylaw or measure to a vote of town council. G.L.c. 4, §7(18)(b) defines legislative functions to include the power to “enact ordinances or bylaws, adopt an annual budget and other spending authorizations, loan orders, bond authorizations and other financial matters.” The Initiative Process is generally considered to be a legislative process. By contrast, the appointment or removal of the town manager is an executive function and is solely within the purview of Southbridge by virtue of §4-1 -1 of its charter. City Council of Boston v. Mayor of Boston, supra. The appointment of the town manager is not a legislative act that would be subject to the Initiative Process. Mariano v. Town Council of Southbridge, 7 Mass.App.Ct. 461 (1979); and City Council of Boston v. Mayor of Boston, supra.
This Court has considered the plaintiffs claim of injury and chance of success on the merits and has balanced the risks against any similar risk of irreparable harm and likelihood of success for the opposing party. This Court has determined that the plaintiff has not shown a likelihood of success on the merits although the removal of the plaintiff, on its face, bespeaks irreparable hárm. Conversely, this Court considers that the defendant has a high likelihood of success on the merits as well as exposure to material irreparable harm to the public in Southbridge if Injunctive Relief is granted, to wit: (1) delay in the holding of the annual town election; (2) expired terms may not be filled; (3) absentee ballots have been mailed out and returned; (4) inability on how to deal -with absentee ballots already returned; (5) cost of a special town meeting; (6) draining already strained town resources; and (7) interfering with an administrative or an executive function of council.
For the reasons set forth, the request for a Preliminary Injunction to order the town council to place the Initiative Petition on the ballot for the regular town election to be held on Friday, June 6,2003, is DENIED; and the further request for a Preliminary Injunction to order the towm council to place the Initiative Petition question on the ballot of the special town election to be held pursuant to §11-2-4 of the town charter is also DENIED.
*366 This Court does not deal with the issue of Laches because of its findings and rulings.

ORDER

The request for a Preliminary Injunction to order the Initiative Petition to be placed on the ballot for the regular town election on June 6, 2003 is DENIED. The request for a Preliminary Injunction to order a special town election is DENIED.