Agnes, Peter W., J.

Introduction

This is a civil action in which the plaintiff, Southbridge School Committee (hereinafter the “Committee”), seeks the return of $400,000 originally appropriated for its use for the operations of the Southbridge Public Schools by the defendant, Southbridge Town Council (hereinafter the “Council”), and later withdrawn from its account by the Council in cooperation with Clayton Carlisle, Southbridge Town Manager (hereinafter the “Manager”), and Karen Hamois, Southbridge Town Accountant (hereinafter “the Accountant”). Pursuant to Mass.RCiv.P. 56, the Committee has filed a motion for summary judgment on the complaint for a declaratory judgment. The Council, in addition to their opposition to the Committee’s Motion for Summary Judgment have filed their Request for Entry of Summary Judgment against the moving party pursuant to Mass.R.Civ.P. 56(c).

Background

The essential facts are not in dispute, and the parties agree that the case is ripe for a resolution based on an application of the law. The Committee is a duly-elected committee of the Town of Southbridge (hereinafter “the Town”). See Defendants’ Response to Plaintiffs “Statement of Undisputed Facts and Legal Principles,” p. 1. The Council is the legislative body of Southbridge and is responsible for appropriating funds for the operation of the Southbridge Public Schools. Id. The Council was duly elected and the Manager and Accountant were duly appointed. Id. The Manager and Accountant act at the direction of the Council and act independently pursuant to independent authority. Id.
On May 24, 2004, the Council appropriated $19,775,000 for the school budget for fiscal year 2005 (July 1, 2004 through June 30, 2005). Id. On June 29, 2004, the Council appropriated an additional $1,073,000 for the school budget for fiscal year 2005 (July 1, 2004 through June 30, 2005), bringing the total appropriation to $20,848,000.[2] Id., p. 2. After the start of the fiscal year, it became apparent that the School Department would be reimbursed for special education expenses at a higher rate than initially anticipated. Id., p. 6. The School Department was given $1,203,000 from the State resulting in a surplus of $603,000. Id.
The town made a judgment that it had a need for additional funds for school transportation and the police department.[3] Id. On November 22, 2004, the Council, upon recommendation of the Manager, voted to remove $400,000 from the amount appropriated to the Committee. Id., p. 2. On January 7, 2005, the Accountant, acting at the direction of the Manager, removed $400,000 from the account of the Southbridge Public Schools. Id. The Committee did not assent to the removal of the $400,000, nor was its assent requested by the Council. Id.
The Town of Southbridge operates under a Home Rule Town Charter. Id. The Town’s Charter was enacted pursuant to the Home Rule Amendment to the Massachusetts Constitution, Amend. Art. 2, §§1-9, and the Home Rule Procedures Act, G.L.c. 43B, and took effect on July 1, 2004. Id., p. 3.

Summary Judgment Standard

This court grants summary judgment where there are no genuine issues of material fact and where the moving parly is entitled to judgment as a matter of law based upon review of the summary judgment record. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.RCiv.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and “that the summary judgment record entitles the moving party to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The *590 nonmoving party cannot defeat the motion for summary judgment by resting on its “pleadings and mere assertions of disputed facts . . .” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). If a case only involves a question of law, a court will grant summary judgment to the party entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).

Discussion

On January 19, 2006, Governor Mitt Romney signed into law Chapter 5 of the Acts of 2006, which is entitled “An Act Relative to the Charter of the Town of Southbridge.” The Act amends the Town Charter and clarifies that, where the General Laws differentiate between cities and towns, the Town of Southbridge shall be governed by those applicable to towns, “except as otherwise specified in [the] Charter.”[4]
Section 2-4-1 of the current Town Charter provides:
Except as otherwise provided in the charter, all general, corporate, legislative, policy-making, and appropriations powers of the town shall be vested in the town council.'
Section 10-12-1 of the current Town Charter, entitled “Transfer of Appropriations,” provides:
At any time during the fiscal year the town council may, upon recommendation of the town manager through the finance director, transfer part or all of any unencumbered appropriation balance among programs within a department, office, or agency and may transfer part or all of any unencumbered appropriation balance from one department, office or agency to another.
The Council, as the legislative body of Southbridge, is responsible for appropriating funds for the operation of the Southbridge Public Schools. The Council twice appropriated funds to the Committee for fiscal year 2005 for a total appropriation to $20,848,000. When it was clear that the School Department would be reimbursed for special education expenses at a higher rate than initially anticipated, the Town, being in need of additional funds for school transportation and the police department, voted to remove $400,000 from the amount appropriated to the Committee.
The Committee has made several arguments for the proposition that provisions of state law are controlling and should be deemed to take precedence over the provisions of the Charter. First, assuming that Southbridge is considered a “town” as provided in St. 2006, c. 5, the Committee argues that G.L.c. 44, §33B requires a vote of a Town meeting to withdraw appropriated funds. It first should be noted that a town like Southbridge operating under a Home Rule Charter exercises its legislative authority not by means of town meeting votes, but rather by the vote of the Town Council. Moreover, in recognition of the authority granted by the Legislature to municipalities to mange their own affairs under G.L.c. 43B, §20, a municipality like Southbridge operating under a Home Rule Charter form of government is governed by the specific provisions of the charter which are to be deemed consistent with provisions of the general laws relating to cities and towns. See Town Council of Agawam v. Town Manager of Agawam, 20 Mass.App.Ct. 100, 103-04 (1985) . “Transfers of appropriations between departments are explicitly regulated by Section 10-12-1 of the Southbridge Charter.” Memorandum of the Defendants at 9. This provision must be regarded as consistent with state law. G.L.c. 43B, §20. The actions taken by the defendants in this case were undertaken pursuant to and consistent with Section 10-12-1 of the Southbridge Charter. The plaintiff has failed to establish that the Council acted beyond the powers it enjoys under the Town Charter in its decision to remove the $400,000 from the Committee.[5] Therefore, the Council is entitled to summary judgment.

ORDER

For the foregoing reasons, the plaintiffs motion for summary judgment is DENIED. The defendant’s cross motion for summary judgment is ALLOWED.

 This appropriation included $2,713,488 for special education services although the estimated total expenses for the year was $3,756,000. The Manager anticipated that the town would receive $600,000 from the Commonwealth for reimbursable special education expenses for a total special education budget of $3,313,488.

 In fact, due in large part to years of fiscal mismanagement, the town requested that special legislation be filed providing for state oversight of the town’s finances resulting in Chapter 475 of the Acts of 2004. This special act imposes personal financial liability upon individual municipal employees who expend money that have not been properly appropriated.

 In its motion for summary judgment, dated October 25, 2005 and filed with this court on January 9, 2006, the Committee had relied upon the provisions of G.L.c. 44, §33, which, in a city, requires department approval prior to any interdepartmental transfer of previously-appropriated funds.

 The Committee in both its motion for summary judgment and at the oral argument for the motion cited to General Law c. 71, §34 as controlling in this case, and, provides, in relevant part:
Every city and town shall annually provide an amount of money sufficient for the support of the public schools . . . no city or town shall be required to provide more money for the support of the public schools than is appropriated by vote of the legislative body of the city or town. The vote of the legislative body of a city or town shall establish the total appropriation for the support of the public schools, but may not limit the authority of the school committee to determine expenditures within the total appropriation.
This court rejects the assertion that the Council’s removal of the $400,000 violates §34 because it limits the authority of the Committee. There has been no showing by the Committee that the Council interfered with the Committee’s discretion to make decisions about the monies appropriated to it.