MAYOR OF LAWRENCE & another[1] *vs.* THOMAS KENNEDY & another.[2] No. 00-P-

---

[1]International Association of Firefighters, Local 146.

[2]Civil Service Commission, which is not a party to this appeal.

1180. January 9, 2003. *Civil Service,* Fire fighters, Promotion. *Public Employment,* Demotion. *Words,* "Vacancy."

Thomas Kennedy, a fire fighter in the city of Lawrence, was promoted to lieutenant in the fall of 1993. Unfortunately, the position he was promoted to was occupied at the time by someone else. On this appeal, we are asked to decide whether the city could nevertheless remove Kennedy from the lieutenant's position only for "cause." Cause was not required for Kennedy's "removal" from a position that was not vacant at the time of his appointment. We therefore affirm the decision of the Superior Court.

The mayor of Lawrence, acting pursuant to G. L. c. 31, § 7, promoted Kennedy to the position of fire lieutenant on November 21, 1993. The Lawrence fire fighters' union, to which Kennedy belonged, grieved the appointment, contending that it violated three provisions of the collective bargaining agreement.[3] Ensuing arbitration proceedings, in which Kennedy did not participate, produced an award in favor of the union on grounds that the position was not vacant when Kennedy was appointed and that the city had ignored the agreement's posting rules. As a remedy, the arbitrator ordered, in essence, that Kennedy be returned to his fire fighter's position. The Superior Court confirmed the award. We affirmed in a memorandum and order pursuant to our Rule 1:28, specifically noting the arbitrator's finding of a contractual violation by the appointment of "Kennedy [to the position of] fire lieutenant when there was no available vacancy." See *City of Lawrence* v. *International Assn. of Firefighters, Local 146,* 45 Mass. App. Ct. 1101 (1998).

The city then commenced proceedings under G. L. c. 31, § 41, to remove Kennedy from his lieutenant's position.[4] After a hearing, the city "demoted" him to the fire fighter's position he originally had held. He appealed to the Civil Service Commission (commission) which, in a decision issued on April 22, 1999, reversed the demotion decision. The commission ruled that Kennedy's appointment did not violate civil service law. The commission concluded that Kennedy could be removed from his position only for "cause." The commission further concluded that there was no "cause" for Kennedy's removal, that he was not bound by the arbitration decision because he had not participated in it, and that the arbitrator's ruling requiring his removal conflicted with the civil service laws and had to give way.

The city appealed the commission's decision to the Superior Court. There, after both parties moved for judgment on the pleadings, a motion judge found in the city's favor for two reasons. First, the judge concluded that a showing of "cause" was not required for removal of someone from a position that had not been vacant at the time of his appointment. Second, the judge concluded

---

[3]One of the provisions prohibited individual dealing, the second concerned filling vacant positions, and the third required the appointing authority to post a notice of vacancies before filling them. The record contains details of the alleged individual dealing. Consideration of those details is unnecessary to the result we reach and we therefore pay them no heed.

[4]General Laws c. 31, § 41, provides: "Except for just cause and except in accordance with the provisions of this paragraph, a tenured employee shall not be discharged, removed, suspended for a period of more than five days, laid off, transferred from his position without his written consent if he has served as a tenured employee since prior to October [14, 1968], lowered in rank or compensation without his written consent, nor his position be abolished."

that, even if cause for removal were required, our decision in the underlying case constituted such cause.

We need not pass on the latter point as we agree with the motion judge that a showing of cause is not required to remove someone from a position that was not vacant at the time of his or her appointment. The commission's contrary conclusion was an error of law and consequently is not entitled to the substantial deference typically afforded the commission's resolution of matters properly before it. See G. L. c. 30A, § 14(7); *Boston Police Superior Officers Fedn.* v. *Labor Relations Commn.*, 410 Mass. 890, 892 (1991).

Kennedy's appointment clearly was covered by the civil service laws contained in G. L. c. 31 and explained in some detail in *Somerville* v. *Somerville Mun. Employees Assn.*, 20 Mass. App. Ct. 594, 597-599 (1985). Insofar as is here relevant, appointments under those laws are either "original" appointments governed by G. L. c. 31, § 6, or, like Kennedy's, "promotional" appointments governed by G. L. c. 31, § 7. Both kinds of appointments presume the existence of a vacancy in the position to which the appointment is made. Indeed, an appointment is invalid if made to a position that is not vacant. See *Rhoades* v. *Director of Civil Serv.*, 346 Mass. 785 (1964). Cf. *O'Connell* v. *Mayor of Lynn*, 54 Mass. App. Ct. 583, 586 (2002).

"Vacancy," however, is not defined in G. L. c. 31, and the chapter does not contain provisions for determining whether or when a vacancy exists. Compare, e.g., G. L. c. 32, § 91. Decisions about whether a vacancy exists may have an impact on any individual who holds the supposedly vacant position as well as on those who aspire to it. Consequently, the procedure for making such decisions is a proper subject for collective bargaining. See G. L. c. 150E, § 2. The terms of any agreement reached through the bargaining process control, at least if they do not materially conflict with requirements of c. 31. See G. L. c. 150E, § 7(*d*); *Leominster* v. *International Bhd. of Police Officers, Local 338*, 33 Mass. App. Ct. 121, 124-125 (1992).

Here, the arbitrator's award stated that arbitration was the agreed-upon procedure for determining the existence of a vacancy. The award also stated that there was no such vacancy. Judicial decisions confirmed that award. The award did not conflict with the civil service laws which, as earlier stated, presume that appointments will be made only to vacant positions, but neither define vacancy nor set out procedures for determining whether a vacancy exists.

It is true, as Kennedy and the commission assert, that Kennedy was not a party to the arbitration process. But that circumstance is inconsequential. To paraphrase our decision in *Nawn* v. *Board of Selectmen of Tewksbury*, 4 Mass. App. Ct. 715, 718 (1976), one who takes a civil service job knows (or should know) that if he has been appointed to a position that was not vacant at the time of his appointment, he takes the job subject to an infirmity and will be unable to continue upon a final determination that no vacancy exists. That is particularly true of someone who is himself covered by the terms of a collective bargaining agreement containing the procedure for determining when a vacancy exists.

In sum, the arbitration proceedings determined that Kennedy had been promoted to a position that was not vacant. Without a vacancy, the appointment was invalid. Because the appointment was invalid, no showing of

"cause" was required to remove Kennedy from a position he should never have held.

*Judgment affirmed.*

*James A. Brett* for Thomas Kennedy.

*Anne L. Randazzo* for mayor of Lawrence.

*John McMahon* for International Assocation of Firefighters, Local 146.