CITY OF LAWRENCE *vs.* CIVIL SERVICE COMMISSION & others.[1]

No. 05-P-1535.

Essex. April 12, 2006. - May 22, 2006.

Present: GREENBERG, DUFFLY, & KAFKER, JJ.

*Police,* Promotional examination.

This court concluded that under G. L. c. 31, § 59, a list of police officers eligible to take a promotional examination for the position of sergeant may not include reserve officers unless the list is otherwise insufficient to allow adequate competition, but the list may include, upon the request of the appointing authority and the provision of appropriate documentation, regular police force officers with less than three years of experience in the regular force but with more than three years of experience when their full-time service in the reserve or intermittent force is considered. [311-314]

CIVIL ACTION commenced in the Superior Court Department on July 16, 2003.

The case was heard by *Patrick J. Riley,* J., on a motion for summary judgment.

*Gabriel O. Dumont, Jr.,* for Sandy J. Picard & others.

*James M. Bowers,* Assistant City Attorney, for the plaintiff.

*Richard K. Sullivan,* for Daniel J. Fleming & others, submitted a brief.

KAFKER, J. The issue presented is whether certain officers in the regular police force of the city of Lawrence (city) met the three-year employment requirement necessary to take a promotional examination for the position of sergeant pursuant to G. L. c. 31, § 59.

---

[1]Sandy J. Picard, John Dushame, Alan N. Andrews, Robert J. DiBenedetto, Richard Brooks, Mark H. Ciccarelli, Joseph A. Padellaro, Clayton Soucie, and Paul M. Plantamura, interveners, were aligned with the Civil Service Commission (commission) in the Superior Court action, and prosecuted this appeal. Daniel J. Fleming, Shawn M. Quaglietta, and James J. Raso, interveners, were aligned with the city of Lawrence in the Superior Court action and have submitted a brief on appeal. The commission did not participate in the appeal.

In 2000, the human resources division of the Commonwealth (HRD) announced a departmental promotional examination for the position of police sergeant in the city's police department. In a letter dated October 4, 2000, the city's mayor requested that HRD declare that ten officers listed in her letter were eligible to take the exam. The mayor wrote further that they had "performed all the duties, faced all the dangers, and made all the sacrifices incumbent upon a Lawrence Police Officer." She also included their payroll records to show that four of the officers had worked full-time with uninterrupted service since December 21, 1995, and that six of the officers had worked full-time with uninterrupted service since December 23, 1996. They were not, however, given " 'permanent' civil service status" in the regular police force until December 15, 1997.[2] The HRD determined that the ten regular force police officers had the necessary three years of experience preceding the examination date (October 21, 2000) and therefore included the officers on the list. One of the officers, James J. Raso, received the promotion.[3] The appellants, nine other officers of the Lawrence police department, challenged the inclusion of the ten officers on the list.

The Civil Service Commission (commission) ruled that the officers listed in the October 4, 2000, letter did not meet the statutory requirements to take the exam and therefore that Officer Raso's promotion must be vacated. The commission interpreted G. L. c. 31, § 59 (see *infra*), to require that an applicant have at least three years of full-time service in the regular force in order to be included on a list to take the

---

[2]The officers moved from the reserve to the regular force when the city disbanded its reserve police force. See G. L. c. 147, § 11, as amended by St. 1967, c. 85 ("[a]ny city in which the city council, with the approval of the mayor, accepts this and the following two sections . . . may establish a reserve police force; and appointments thereto shall, subject to chapter thirty-one, be made in the same manner as appointments to the regular police force of said city"); G. L. c. 31, § 60, as amended by St. 1989, c. 175 ("[i]n any city or town having an intermittent or reserve police . . . force to which the civil service law and rules are applicable, original appointments to the lowest title in the regular police . . . force shall be made from among the permanent members of such intermittent or reserve police . . . force, as the case may be, whose names are certified by the administrator to the appointing authority").

[3]Apparently other officers on the list were also subsequently promoted to sergeant.

examination for promotion to sergeant. The commission concluded that prior service in the reserve force could not be considered unless the number of police officers with three years of service in the regular force was certified by the appointing authority to be insufficient to allow adequate competition for the position. The city appealed to the Superior Court pursuant to G. L. c. 31, § 44, and G. L. c. 30A, and after a hearing, the city's motion for summary judgment was allowed. A memorandum and order allowing the city's motion and modifying the decision of the commission issued on June 15, 2005, and was docketed the same day.

We conclude that the commission's interpretation of G. L. c. 31, § 59, is erroneous and therefore affirm the order of the Superior Court.[4] Our review of the commission's conclusions of law is de novo. See *Andrews* v. *Civil Serv. Commn.*, 446 Mass. 611, 615 (2006), citing *Raytheon Co.* v. *Director of the Div. of Employment Sec.*, 364 Mass. 593, 595 (1974). As the commission's "conclusion [in the instant matter] was an error of law," it is not accorded the substantial deference typically afforded the commission. *Mayor of Lawrence* v. *Kennedy*, 57 Mass. App. Ct. 904, 906 (2003). See *Boston Police Superior Officers Fedn.* v. *Labor Relations Commn.*, 410 Mass. 890, 892 (1991).

General Laws c. 31, § 59, as amended by St. 1989, c. 174, provides, in pertinent part:

> "Original and promotional appointments in police . . . . forces of cities and of such towns where such forces are within the official service . . . shall be made only after competitive examination except as otherwise provided by section sixty and by sections thirty-six and thirty-six A of chapter forty-eight.

> "An examination for a promotional appointment to any title in a police . . . force shall be open only to permanent employees in the next lower title in such force . . . provided, further, that no such examination for the first title above the lowest title in the police . . . force of a city

---

[4]Although no judgment was entered on the docket, we treat the order allowing the motion for summary judgment as appealable. See *Ross* v. *Friedman*, 22 Mass. App Ct. 513, 515 n.6 (1986), and cases cited.

or town with a population in excess of fifty thousand shall be open to any person who has not been employed in such force in such lowest title for at least three years after certification.[5]

"Persons referred to in this section as being permanent employees in the lowest or lower title shall include only full-time members of the regular force and shall not include members of the reserve or intermittent police . . . force . . . unless the appointing authority certifies to the administrator that the number of permanent full-time members of the regular force is insufficient to allow adequate competition in an examination and the administrator determines that the circumstances warrant opening the examination to permanent members of the reserve [or] intermittent . . . force, as the case may be. Upon the request of the appointing authority, the administrator may include service actually performed while a permanent member of a reserve [or] intermittent . . . force in computing length of service required for admission to an examination for promotional appointment to the first title above the lowest title. The appointing authority shall submit with such request payroll records proving that such service was actually performed. For purposes of this section, two hundred and fifty days, or the equivalent thereof, of such service shall be equivalent to one year of service on a full-time basis in such regular force."

It is undisputed that (1) the promotion at issue, for the position of sergeant, was for the "first title above the lowest title"; (2) the city had a population in excess of 50,000; (3) the number of officers in the regular force with three years of experience in that force was sufficient to allow adequate competition for the sergeant's examination; (4) each of the challenged officers was a permanent member of the regular force but had not been serving in the regular force for three years at the time of the

---

[5] "Certification" is defined by statute to be "the designation to an appointing authority by the administrator of sufficient names from an eligible list . . . for consideration of the applicants' qualifications for appointment pursuant to the personnel administration rules." G. L. c. 31, § 1, as amended by St. 1985, c. 527, § 1.

promotional examination; and (5) each of the challenged officers had been a police officer in the city's police force for more than three years prior to the examination when the officer's years of service in the city's regular and reserve police forces were combined. The sole issue presented is whether the HRD can, upon the request of the appointing authority (here, the mayor), combine an officer's full-time service in the regular and reserve forces to satisfy the three-year requirement or whether such "tacking on" is authorized only when there is a certification by the appointing authority of an inadequate number of otherwise eligible officers.[6] This is an issue of first impression.

We interpret G. L. c. 31, § 59, as providing two means of including on the eligibility list for examinations for promotion to the position of sergeant (the "first title above the lowest title") officers other than those with three years of experience in the regular force. In the first sentence of the third paragraph of § 59 (first proviso), the Legislature has provided a means by which police officers who are not on the regular force, but are instead on either the reserve or intermittent police forces, may be included on the list. This exception may only be invoked when "the number of permanent full-time members of the regular force is insufficient to allow adequate competition in an examination and the . . . circumstances warrant opening the examination to permanent members of the reserve [or] intermittent . . . force." The first proviso does not, either expressly or by implication, apply to permanent members of the regular force. Rather, it concerns only the opening of the list to applicants in the reserve or intermittent force. The absence of any reference to regular force employees with less than three years of experience is conspicuous.

The second sentence of the third paragraph (second proviso), however, allows the administrator to include service actually performed while a permanent member of a reserve or intermittent police force in computing length of service required for

---

[6]Although the administrative record suggests that the timeliness of the administrative appeals may at one point have been an issue, no such arguments were raised in the briefs, and the issue of timeliness was expressly waived at oral argument.

admission to an examination for the position of sergeant (the first title above the lowest title). In contrast to the first proviso, the second proviso is directed at permanent full-time officers in the lowest title in the regular force who lack three years of experience in the regular force but who were previously permanent full-time members of the reserve or intermittent force. There is no express requirement in the second proviso that there be an insufficient number of permanent full-time officers in the regular force with three years of experience in that force to allow this tacking on of experience. Nor do we necessarily link the second proviso to the first proviso, and its requirement of a certification of inadequate competition, where the first proviso makes no mention of regular force employees. Finally, as the challenged officers had three years of experience performing all the duties of regular force officers, there is no question that the substance of the three-year experience requirement was satisfied.

We conclude that the commission made an error of law by confusing the requirements applicable to including reserve force officers on the list with the requirements applicable to including regular force officers with less than three years of experience in the regular force. Although a list may not include reserve officers unless the list is otherwise insufficient to allow adequate competition, the list may include, upon the request of the appointing authority and the provision of appropriate documentation, regular force officers with less than three years of experience in the regular force by allowing them to tack on full-time service in the reserve or intermittent force.

The order dated June 15, 2005, allowing the city's motion for summary judgment and modifying the decision of the commission is affirmed.

*So ordered.*